UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YOVANNY DOMINGUEZ, *on behalf of himself and all* :
*others similarly situated*, :
                                            Plaintiff, :
        -against- :        MEMORANDUM DECISION
                                                                     AND ORDER
ATHLETA LLC, :
                                                                      19 Civ. 10168 (GBD)
                                        Defendant. :
------------------------------------------------------------x

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Yovanny Dominguez, on behalf of himself and all others similarly situated, brings this action against Defendant Athleta LLC primarily for a violation of Title III of the Americans with Disabilities Act (the "ADA"). Plaintiff specifically claims that the ADA, New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") require the Defendant to provide Braille gift cards to blind and visually impaired individuals. (First Am. Class Action Compl. ("FAC"), ECF No. 17 ¶ 9, 39–41, 79–82, 84, 95–97.) Defendant moves to dismiss the complaint for lack of subject matter jurisdiction (arguing that Plaintiff lacks standing) and also for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*See* Notice of Mot. to Dismiss ("Notice of Mot."), ECF No. 20.) For the following reasons, Defendant's motion to dismiss is GRANTED.

### I.    FACTUAL BACKGROUND

      Plaintiff is a visually impaired and legally blind person who requires Braille to read written material. (FAC ¶ 2.) Defendant operates Athleta retail stores located in New York City, selling athletic clothing, as well as gift cards with which to make purchases. (*Id.* ¶ 26.) On October 26,

1

2019, "Plaintiff contacted Defendant by phone and inquired if Defendant sold store gift cards containing Braille." (*Id.* ¶ 16.) Defendant's employee informed Plaintiff that the store did not sell gift cards containing Braille. (*Id.*) Plaintiff claims that during the phone call with Defendant, the employee "did not offer any alternative auxiliary aids or services to the Plaintiff with respect to Defendant's gift cards." (*Id.* ¶ 17.) Plaintiff filed this lawsuit six days later. (Mem. of Law in Supp. of Def.'s Motion to Dismiss Pl.'s Amended Compl. ("Def. MTD Mem."), ECF No. 21, at 4.) Plaintiff claims that without Braille gift cards or other auxiliary aids, Plaintiff will be unable to determine information about the gift card such as the store the card relates to, the terms and conditions of use, and balance, or differentiate the gift card from other cards within Plaintiff's wallet. (FAC ¶ 20, 56.)

Plaintiff claims that he has previously been a "customer" at Defendant's stores and "intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's retail store." (*Id.* ¶ 21.) Plaintiff does not allege that he has had any difficulty making a purchase at Defendant's stores. Plaintiff claims that by Defendant's failure to provide Braille gift cards, Plaintiff has been deterred from visiting Defendant's stores and therefore is "denied the full use and enjoyment of the facilities, goods, and services" of Defendant. (*Id.* ¶ 14.)[1]

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Lack of Subject Matter Jurisdiction.

"Standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" *Ross v. Bank of America, N.A.*, 524 F.3d 217, 222 (2d Cir. 2008)

---

[1] Several similar cases, including others filed by this Plaintiff, are currently pending on appeal before the Second Circuit Court of Appeals. Each case pleads similar facts and claims, but merely with a different defendant. *See Calcano v. Swarovski N. Am. Ltd.*, 2d Cir., No. 20-1552.

(quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006)). A district court must dismiss a complaint for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, if a plaintiff fails to establish standing to bring the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 416–17 (2d Cir. 2015). To invoke the jurisdiction of a federal court, a plaintiff must establish that they have standing under Article III of the Constitution. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing a plaintiff must demonstrate that they have suffered "(1) an injury-in-fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that can likely be redressed by a favorable decision." *Mantena v. Johnson*, 809 F.3d 721, 731 (2d Cir. 2015). An "injury in fact" must be both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560.

### B. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully;" stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[2]

---

[2] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)). Similarly, to resolve a motion to dismiss under Rule 12(b)(1), a court "may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

3

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pled factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

## III. PLAINTIFF LACKS STANDING

Plaintiff brings this action seeking a ruling that Title III of the ADA requires retailers, such as Defendant, to offer gift cards with the tactile writing system known as Braille. Recently, this district has seen a flood of litigation raising this issue, and the question of the ADA's requirements is currently pending before the Second Circuit. Pending the outcome of that appeal, this Court applies the law as it exists today. Multiple Judges in this district, having considered identical claims brought by this and other plaintiffs, have concluded that a place of public accommodation, such as a retailer, has no duty under the ADA to offer Braille-embossed – or otherwise accessible – gift cards. *See Dominguez v. Taco Bell Corp.*, No. 19-CV-10172 (LGS), 2020 WL 3263258 (S.D.N.Y. June 17, 2020); *Dominguez v. Foot Locker, Inc.*, No. 19-CV-10628 (SDA) (S.D.N.Y. May 12, 2020); *Dominguez v. Banana Republic, LLC*, No. 19-CV-10171 (GHW), 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020). Given the stark similarities among those actions and the nearly identical complaints filed in each, this Court is persuaded by the reasoning of these courts.

### A. Plaintiff Fails to Satisfy the Standing Inquiry

A plaintiff has standing in an ADA Title III case "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam).

Defendant argues that Plaintiff fails to sufficiently allege a reasonable inference that he intends to return to the Defendant's store. (Def. MTD Mem. at 19.) Four factors are relevant to determine the reasonable likelihood plaintiffs will return to a defendant's store: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Castillo v. John Gore Org., Inc.*, 2019 WL 6033088, at *4 (E.D.N.Y. Nov. 14, 2019) (citation omitted).

For purposes of the first factor, Plaintiff lives in the Bronx, and Defendant's stores are located in various neighborhoods in Manhattan. (FAC ¶ 24, 26.) It is not unreasonable to infer that Plaintiff may travel into Manhattan to purchase athletic apparel or gift cards. Plaintiff, however, has only alleged that he has been a customer at Defendant's stores on "prior occasions." (FAC ¶ 21.) This is insufficient, as it merely alleges a conclusory and generic statement. *See Iqbal*, 556 U.S. at 679. Plaintiff also does not allege that he attempted to purchase any merchandise on these prior visits or that he encountered any disability related barriers at Defendant's store.

Additionally, Plaintiff's plans to return are indefinite. That Plaintiff intends to "immediately purchase at least one store gift card" is conclusory and is not enough to raise a reasonable inference that he intends to visit Defendant's retail store in the future. *See Castillo*,

2019 WL 6033088 at *6. Plaintiff fails to plead any facts establishing that he has a genuine interest in shopping at Athleta stores in the future. Plaintiff expresses no interest in women's athletic apparel, nor does he assert that he owns any such apparel or intends to give it (or a Braille-embossed gift card) as a gift.

Moreover, Plaintiff has filed at least 24 nearly identical complaints against other retailers in this district, which undermines the sincerity of Plaintiff's alleged intent to return to the Defendant's business. (*See* Def. MTD Mem. at 4.); *see also Feltzin v. Clocktower Plaza Proprerties, Ltd.*, 2018 WL 1221153 at *5 (E.D.N.Y. 2018). Further undermining Plaintiff's sincerity are the multiple references in his opposition briefing to Defendant's "food" products. (*See* Mem. of Law in Opp'n to Def.'s Motion to Dismiss ("Pl. Mem in Opp'n."), ECF No. 22, at 3, 15, 16, 20) (stating erroneously that "Defendant's primary business is selling food.") As noted above, Defendant Athleta is a retailer of women's athletic wear and not in the business of food service. *See* ATHELA, https://athleta.gap.com/ (last visited Feb. 21, 2021). Therefore, because Plaintiff has not alleged more than conclusory and insufficient facts of future injury, the Plaintiff does not have standing for this suit.[3]

### IV. PLAINTIFF'S ADA CLAIM IS DISMISSED

Even if Plaintiff had standing to assert his claims, dismissal would still be warranted as Plaintiff fails to state a claim for relief under the ADA.

#### A. The ADA

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

---

[3] "New York State and City claims are governed by the same standing requirements as the ADA." *Mendez v. Apple Inc.*, No. 18 CIV. 7550 (LAP), 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019). Accordingly, Plaintiff's NYSHRL and NYCHRL claims fail under this same standing analysis.

advantages, or accommodations of any place of public accommodation." 42 U.S.C § 12182(a). The ADA defines discrimination to include:

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C § 12182(b)(2)(A)(iii). To state a claim under Title III of the ADA, a plaintiff must allege that "(1) she is disabled within the meaning of the ADA; (2) defendants own, lease, or operate a place of public accommodation; and (3) defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *Wu v. Jensen-Lewis Co.*, 345 F. Supp. 3d 438, 442 (S.D.N.Y. 2018).

Plaintiff alleges four theories under the ADA as to how a failure to provide Braille gift cards is a disability-based discrimination: (1) gift cards themselves are places of public accommodations and therefore must be equally accessible to all individuals; (2) gift cards are a good sold at a place of public accommodation and therefore must be accessible; (3) failure to offer Braille gift cards is a failure to offer necessary auxiliary aids; and (4) gift cards are a U.S. Currency, which must be accessible. (FAC ¶ 38–44, 46–49, 50–54, 34, 63(a).) Plaintiff's claims that Defendant has violated NYSHRL and NYCHRL are duplicative to his claims under the ADA.[4]

---

[4] Because a "claim of disability discrimination under the New York State Human Rights Law . . . is governed by the same legal standards as govern federal ADA claims" Plaintiff's New York Human Rights Law claim is dismissed. *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006). Similarly, because Plaintiff fails to allege a claim under the New York City Human Rights Law, this claim is also dismissed.

(FAC ¶ 76–85.) The ADA does not require Athleta to sell Braille gift cards, and Defendant Athleta's failure to offer Braille gift cards is not a failure to offer necessary auxiliary aids.[5]

### 1. The ADA Does Not Require the Sale of Braille Gift Cards

Title III of the ADA prohibits discrimination "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). The statute does not require a place of public accommodation to offer specialty goods; instead, Title III regulates the access to the goods sold at a place of public accommodation. *See Wyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000) (Title III "does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided"). For instance, a car dealership may not refuse to sell a car to a disabled person, but they are not required to manufacture and sell specialty cars that would be designed for those with disabilities. *See Funches v. Barra,* 2016 WL 2939165, at *4 (S.D.N.Y. 2016). This construction of the law is in accordance with the Department of Justice's regulations, which state that "[t]he purpose of the ADA's public accommodations requirements is to ensure accessibility to the goods offered by a public accommodation, not to alter the nature or mix of goods that the public accommodation has typically provided." 28 C.F.R pt. 36, App'x C.

Defendant's gift cards are clearly goods, because they are inventory the business sells. The ADA does not define "goods," but regulations suggest that "'goods' are the products that make up the entity's inventory." *Taco Bell*, 2020 WL 3263258 at *8; *see also* 28 C.F.R. § 36.307(a) (a public accommodation is not required "to alter its inventory to include accessible or special

---

[5] Multiple courts in this district have now held that gift cards are not places of public accommodation and that gift cards are not analogous to currency. *See, e.g. Thorne v. Boston Market Corp.*, 2020 WL 3504187 (S.D.N.Y. 2020); *Dominguez v. Banana Republic, LLC*, 2020 WL 1950496 (S.D.N.Y. 2020).

goods"). Under this definition, it is clear that Defendant's gift cards are inventory they sell, and therefore not required under the ADA to be altered to fit the needs of disabled individuals. Defendant sells gift cards just as they do clothing, accessories, or any other product in the store.

### 2. Defendant's Failure to Offer Braille Gift Cards is Not a Failure to Offer Necessary Auxiliary Aids Under the ADA

The ADA requires covered entities to provide "auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). "The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." 28 C.F.R. § 36.303(c)(1)(ii). However, the covered entity need not provide the requested auxiliary aid, rather it may choose "what measures to take . . . provided that the method chosen results in effective communication." 28 C.F.R. § 36.303(c)(1)(ii). The Department of Justice in their guidance on ADA regulations has stated that "a restaurant would not be required to provide menus in Braille for patrons who are blind, if the waiters in the restaurant are made available to read the menu. Similarly, a clothing boutique would not be required to have Braille price tags if sales personnel provide price information orally upon request." 28 C.F.R. pt. 36, App'x C; *see Camarillo v. Carrols Corp.*, 518 F.3d 153, 157 (2d Cir. 2008) ("While restaurants are not necessarily required to have on hand large print menus . . . they are required to ensure that their menu options are effectively communicated to individuals who [] are legally blind").

Plaintiff's Amended Complaint alleges that upon being informed in a telephone conversation with Defendant's customer service office that the company did not sell Braille gift cards, the "employee did not offer any alternative auxiliary aids or services to the Plaintiff with respect to Defendant's gift cards." (FAC ¶ 17.) However, Plaintiff does not allege that he

9

requested any auxiliary aids or services from Defendant's employee. In fact, there are no allegations that there was any conversation between Plaintiff and Defendant's employee about the availability of any auxiliary aids or services concerning store gift cards. *See Taco Bell*, 2020 WL 3263258 at *6 (S.D.N.Y June 17, 2020). Plaintiff contends that because Defendant offered no alternative auxiliary aids, the Defendant has denied plaintiff access to an appropriate auxiliary aid. (FAC ¶ 17, 39, 50.) However, Plaintiff spoke with Defendant's employee about the availability of store gift cards, and also concedes that Plaintiff may use the gift card with the help of a sighted store employee. (*Id.* ¶ 36.) While this may not be Plaintiff's preferred method of communication about information in the gift card, it is nonetheless effective. Plaintiff does not allege that he unsuccessfully attempted to make a merchandise purchase at that time.

### 3. Leave to Amend

Plaintiff indicates in his brief that should his claims be denied, he intends to move for leave to file an amended complaint. (*See* Mem. in Opp'n at 24.) Federal Rule of Civil Procedure 15(a) provides that a district court may grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). *See also Perez v. 117 Ave. of the Ams. Food Corp.*, 2016 WL 5415090, at *1 (S.D.N.Y. 2016) ("A district court has broad discretion in determining whether to grant leave to amend.") (citation omitted). Plaintiff may submit a letter application with an accompanying proposed amended complaint, if such amendment would not be futile.

10

## V. CONCLUSION

Defendant's motion to dismiss, (ECF No. 20), is GRANTED. The Clerk of the Court is directed to close the motion accordingly.

Dated: New York, New York
March 9, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge